IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TOM MAVIS<br>6041 Van Wormer Drive<br>Toledo, Ohio  43612<br><br>and<br><br>CAROL E. VIOLA<br>6041 Van Wormer Drive<br>Toledo, Ohio  43612<br><br>        Plaintiffs<br><br>               vs.<br><br>ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>2775 Sanders Road<br>Northbrook, Illinois  60062<br><br>        Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

## THE PARTIES

1. Plaintiffs owned a house located at 6041 Van Wormer Dr., Toledo ("the Property").

2. Defendant Allstate Vehicle and Property Insurance Company ("Allstate") insured the house and contents under policy number 000992465641 ("the Policy"). The declarations pages of the policy are attached as Exhibit 1.

3. This is a refiling of case 3:17-CV-00607.

## THE INSURANCE CLAIM

4. On March 12, 2016, while the Policy was in force, a fire occurred at the garage on the Property causing severe damage to the garage and its contents.

5. Plaintiffs promptly reported the loss to Allstate, which commenced an investigation into the cause and origin of the fire and the amount of damage.

6. Plaintiffs cooperated with the claim investigation and appeared for examinations under oath. Plaintiffs also submitted a proof of loss and voluminous documents that were requested by Allstate.

7. The Policy provides that any "suit or claim for loss must be brought within one year after the loss or damage occurs."

8. On January 31, 2017 Allstate denied the claim, claiming the insureds misrepresented material facts.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Allstate)

9. Plaintiffs incorporate by reference the above allegations.

10. Plaintiffs had a contract with Allstate on the day the loss occurred.

11. Allstate breached the insurance contract by failing to pay to plaintiffs the amount due under the insurance policy.

12. As a direct and proximate cause of Allstate's breach of the insurance contract, plaintiffs have been denied the policy benefits due them under the contract in an amount in excess of $100,000.

13. As a further direct and proximate cause of Allstate's breach of the insurance contract, plaintiffs have suffered other reasonably contemplated damages.

14. Plaintiffs pray for judgment on this count in an amount in excess of $25,000, the exact amount to be determined by a jury at the trial of this matter, plus attorney fees, interest, and costs as allowed by law.

## SECOND CAUSE OF ACTION
### (Lack of Good Faith Against Allstate)

15. Plaintiffs incorporates by reference the above allegations.

16. In adjusting plaintiffs' claim, Allstate, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

17. Allstate, through its adjusters, agents, and investigators, acted intentionally, willfully, wantonly and with actual malice in refusing to pay plaintiff's claim, in investigating the claim, and in delaying such payments. Among other actions, Allstate:

- failed to conduct an adequate investigation;
- failed to conduct thorough and well-documented interviews of witnesses;
- misconstrued and misstated the information obtained from witnesses;
- conducted a biased investigation;
- failed to retain competent, qualified, and unbiased experts;
- failed to reasonably evaluate the competing expert opinions;
- relied on experts whose opinions were patently flawed;
- failed to interview Plaintiffs' bankruptcy attorney;
- insulted its insured with such an accusation;
- damaged its insured's reputation with unfounded accusations;
- did not render a coverage decision in a reasonable period of time, especially in view of the fact that the policy contains a one-year suit-filing provision;

3

- failed to follow standard claim investigation guidelines and keep plaintiffs and his counsel advised as to the claim investigation and the reason it took so long;

- placed its interests before those of its insured;

- misinterpreted the insurance policy for its own advantage;

18. The actions and omissions of Allstate demonstrate malice, aggravated or egregious fraud, oppression, or insult and Allstate, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

19. As a direct and proximate cause of Allstate's lack of good faith, plaintiffs have suffered emotional distress and anxiety, inconvenience, increased loss of use, economic harm, and have incurred litigation expenses and attorney's fees.

20. Plaintiffs pray for judgment on this count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damages, the exact amount to be determined at trial, plus interest, costs, and attorney's fees as allowed by law.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment Against Allstate)

21. Plaintiffs incorporate by reference the above allegations.

22. Plaintiffs have a written contract with Allstate.

23. Allstate has denied plaintiffs' insurance.

24. Pursuant to R.C. §2721.03 and R.C. §2721.04, plaintiffs are entitled to a declaratory judgment from this court construing the Policy and the terms, limitations, and conditions contained in the Policy. Specifically, plaintiffs are entitled to a declaration as to whether, based on the policy language, this is a covered claim, whether Allstate was allowed by the contract language to refuse to pay plaintiffs' additional living expenses during the time the

claim was being investigated, whether Allstate is entitled to take an assignment of the mortgage, and, whether Allstate is obligated to appraise the amount of the loss pursuant to the Policy's Appraisal condition.

25. Plaintiffs request this Court to resolve these disputes between the parties by issuing a declaration of rights to the extent permitted by Ohio law. The plaintiffs further pray for any further relief the Court deems proper, including but not limited to, an award of attorney fees, interest, and costs, as well as judgment against the defendants as specified above.

WHEREFORE, plaintiffs pray for judgment against Allstate as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/ Robert A. Rutter*
Robert A. Rutter (0081503)
Justin Rudin (0087368)
RUTTER & RUSSIN, LLC
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
bobbyrutter@OhioInsuranceLawyer.com
jrudin@OhioInsuranceLawyer.com

**JURY DEMAND**

Plaintiffs hereby request, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

*/s/ Robert A. Rutter*
ROBERT A. RUTTER
Attorney for Plaintiffs