IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tom Mavis, et al.,                                    Case No. 3:18CV1671

        Plaintiffs

        v.                                                 **ORDER**

Allstate Vehicle and Property Insurance Company,

        Defendant

This is an insurance coverage action.

After a fire in plaintiffs Tom Mavis and Carol Viola's detached garage and the denial of their claim under their homeowner's policy, plaintiffs sued their insurer, defendant Allstate Vehicle and Property Insurance Company, for breach of contract and bad faith.

Pending is Allstate's motion for summary judgment. (Doc. 23). For the reasons that follow, I grant the motion.[1]

**Background**

The policy at issue provides replacement coverage.

In their "Sworn Statement in Proof of Loss," plaintiffs listed "Personal Property" with "Loss and Damage" in the amount of $147,286.66, with an "Actual Cash Value" of $111,566.25, and "Amount Claimed" of $64,307.00. In a separate "Personal Property Loss Summary,"

---

[1] This case is a refiling of *Mavis v. Allstate Vehicle & Property Ins. Co.*, Case No. 3:17CV607 (N.D. Ohio). I dismissed that case for lack of subject-matter jurisdiction because the plaintiffs had sued, in addition to Allstate, the Huntington National Bank, which is an Ohio citizen like the plaintiffs. After plaintiffs filed this suit, they and Allstate stipulated that all discovery and the pleadings filed in the original case would carry over to this case. (Doc. 3). Accordingly, all citations to the record refer to the pleadings filed in case number 17CV607.

plaintiffs listed a "Total Loss Inventory" with a "Replacement Cost" of $142,881.64 and "Actual Cash Value" of $107,161.23.

There is no dispute that whatever was lost was destroyed in the fire. Allstate asserts, however, that an exclusion in its policy for misrepresentations precludes indemnification and entitles it to summary judgment.

Allstate bottoms its contention on the fact that the plaintiffs failed to list the destroyed items at issue – professional machinists' tools and woodworking equipment – in a bankruptcy petition filed seven months before the fire.[2]

As to the professional tools, plaintiffs' submissions to Allstate described the items and their Replacement Costs: 1) a machinist tool chest ($3,340.00); 2) two "machinist roll around tool boxes" ($2,509.65); 3) a "complete master set of screw drivers" ($1,754.02); 4) several different "miter boxes" (between $1,250.73 and $321.74); and, 5) several different types of gauges (between $1,296.65 and $113.69). Mavis also listed a large number of other tools and equipment (hundreds of dollars).

They did likewise as to the woodworking equipment, which Mr. Mavis had used in a defunct cabinetry and woodworking business: a "planer molder sander" ($6,111.11); "misc. molding head[s], assorted Mach t[ools]" for same ($5,898.75); a "deluxe table saw" ($2,842.11); and "misc. molding knives" ($1,608.48), among multiple other tools and equipment.

Plaintiff Viola's sworn testimony at the creditors hearing before a Bankruptcy Trustee enhanced the falsity inherent in the failure to list these items in their petition in that court. The

---

[2] Allstate also argues that the plaintiffs testified inconsistently at their creditors meeting about a large quantify of fishing gear, which they also had included in their petition. The record is insufficient to determine whether those inconsistencies were willful or inadvertent. So I disregard them in this decision.

Trustee understandably undertook to question her in detail about any assets remaining from the former business. In response to those questions, she stated the tools and equipment had been sold, none were left, and there were no assets remaining.

During the course of this proceeding, Mr. Mavis testified that the plaintiffs' bankruptcy lawyer had advised him that there was an $8,000 exemption for personal tools. In a deposition in this case, the attorney emphatically denied making any such statement. Though he could recall no specific conversations or advice, he stated, when asked about a putative $8,000 exemption, "I don't know where that figure came from." He confirmed that, had he known about the undisclosed tools and equipment, he would have listed them in the petition.

## Standard of Review

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

The burden then shifts to the nonmoving party to "set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

## Discussion

To the extent that Allstate frames its challenge to plaintiffs' demand for indemnification on the basis of misrepresentations, the challenge lacks merit. Most simply put, the plaintiffs'

3

claim that they owned the items they lost in the fire was true. Their clearly false statements occurred, rather, in the course of their bankruptcy proceeding: first, via the omissions in the petition, and then later via Ms. Viola's false testimony at the creditors meeting.

But Allstate's misfocusing of its argument does not cause it to miss the mark entirely. Indeed, its scores a bullseye with its contention that the doctrine of judicial estoppel entitles it to summary judgment.

In the Sixth Circuit:

> The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. A court should also consider whether the party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement. Although there is no set formula for assessing when judicial estoppel should apply, it is well-established that at a minimum, a party's later position must be clearly inconsistent with its earlier position for judicial estoppel to apply.

*Gen. Conference Corp. of Seventh–Day Adventists v. McGill*, 617 F.3d 402, 414 (6th Cir. 2010) (citations and quote marks omitted).[3]

The facts here fit these elements.

First, in the Bankruptcy Court plaintiffs clearly asserted a position contrary to their position here: there, they pretended not to own the items for which they here claim indemnification. Their positions here and there are as opposed as the gaze of Janus.

Second, these deliberate acts of duplicity worked. The Bankruptcy Court's order of discharge formally endorsed their fraud-based position. And the transcript clearly shows that, along the way to that Order, the Trustee refrained from asking more questions about asset

---

[3] The Sixth Circuit views judicial estoppel as substantive, rather than procedural, so that federal law applies under *Erie*. *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982).

4

remnants from the former business after Ms. Viola repeatedly – and falsely – assured the Trustee there were no assets left.[4]

Third, plaintiffs gained what they wanted: continued possession of the tools and woodworking equipment.

The plaintiffs complain that Allstate's proposed application of judicial estoppel overstates the applicable law and is inappropriate. It is neither. Several cases in our Circuit, including two unpublished appellate opinions, support Allstate's position. Thus, in *Smith v. Fireman's Fund Ins. Co.*, 16 F.3d 1221, *3 (6th Cir. 1994), the court stated:

> We find that the plaintiffs have not been consistent regarding the total value of their personal possessions. . . . In their bankruptcy petition, plaintiffs claimed the total value of their personal possessions as $4,010. However, in their contents inventory for Fireman's Fund they listed $21,384.67 worth of personal possessions purchased prior to [filing the petition]. These inconsistent positions indicate that plaintiffs must be judicially estopped from claiming recovery under the insurance policy for any items they failed to disclose in the bankruptcy proceeding.

The Circuit recently endorsed the same result in *Rizka v. State Farm Fire & Cas.*, 686 F. App'x 325 (6th Cir. 2017).

In that case, the plaintiff had not listed her home as an assert in her bankruptcy petition, and the home later was lost in a fire. The court rejected her claim, similar to that which Mr. Mavis makes here, that she had acted on the advice of her bankruptcy lawyer. The Court of Appeals held that the lower court's application of judicial estoppel correctly read the facts and properly applied the law.

---

[4] I am directing the Clerk to provide the United States Attorney's Office with a copy of this opinion so that it may consider whether, on the basis of plaintiffs' misconduct, to institute criminal proceedings against either or both of the plaintiffs. I likewise direct the Clerk to provide a copy of this opinion to the Bankruptcy Court for it to determine whether to conduct further proceedings in the plaintiffs' case before that Court.

5

Other lower courts in our Circuit have applied judicial estoppel to insurance indemnification claims relating to property that the insureds had not listed in earlier bankruptcy proceedings. *Green v. Liberty Ins. Corp*, 220 F. Supp. 3d 842, 848–50 (E.D. Mich. 2016); *Gell v. American Ins. Co.*, 2014 WL 920740 (E.D. Mich. 2014); *Smith v. Allstate Ins. Co.*, 2006 WL 3833533, at *15 (S.D. Ohio 2006).

Allstate, contrary to plaintiffs' assertion to the contrary, properly ask me to enlist the doctrine of judicial estoppel, the judge-made guardian against duplicity, mendacity, and chicanery. The doctrine, the Sixth Circuit has aptly stated, is "a rule against playing fast and loose with the courts, blowing hot and cold as the occasion demands, or hav[ing] [one's] cake and eat[ing] it too." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (unpublished). That's what plaintiffs are trying to do here.

The law makes sure that such double-dealing is self-defeating.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendant's motion for summary judgment (Doc. 23) be, and the same hereby is, granted; and
2. The Clerk shall provide a copy of this Order to the Office of the United States Attorney for the Northern District of Ohio and the United States Bankruptcy Court for the Northern District of Ohio for such further proceedings, if any, that that Office and that Court may deem appropriate.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge